Filed 1/21/26  P. v. Price CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>MARCEL DE SEAN PRICE,<br><br>　　Defendant and Appellant. | D084723<br><br><br>(Super. Ct. No. SCD277378) |

APPEAL from a judgment of the Superior Court of San Diego County, Marian F. Gaston, Judge.  Reversed and remanded with directions.

Daniel J. Kessler, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance Winters, Chief Assistant Attorney General, Charles C. Ragland, Senior Assistant Attorney General, Melissa Mandel, Supervising Deputy Attorney General and Seth M. Friedman, Deputy Attorney General for Plaintiff and Respondent.

Marcel De Sean Price appeals an order summarily denying his Penal Code section 1172.6[1] petition for resentencing. Without appointing Price counsel, holding a hearing or considering briefing, the trial court ruled Price did not make a prima facie showing he was entitled to relief. It reasoned he was convicted of premeditated attempted murder as a direct perpetrator, and also found to have personally inflicted great bodily injury on the victims as well as personally used a firearm. Price contends the court erred by summarily denying his petition in this manner. The People concede the court erred by not following proper procedures, but say the error was not prejudicial because Price is ineligible for relief as a matter of law. We disagree with the People, reverse the order and remand with directions set forth below.

FACTUAL AND PROCEDURAL BACKGROUND

In June 2019, a jury convicted Price of three counts of willful, deliberate, and premeditated attempted murder (§§ 664, 187, subd. (a), 189; counts 1-3), assault with a firearm (§ 245, subd. (a)(2); counts 4-6), and possession of a firearm by a felon (§ 29800, subd. (a)(1); count 7), all based on his involvement with a codefendant in a shooting at a bar. The court declared a mistrial in the case against Price's codefendant. (*People v. Price* (Mar. 5, 2021, D076731) [nonpub. opn.].)[2] The jury found true enhancement allegations including that Price personally and/or intentionally used a firearm within the meaning of section 12022.5, subdivision (a) and section 12022.53, subdivision (b); intentionally and personally discharged a firearm

---

1. Undesignated statutory references are to the Penal Code.

2 A court may consider the procedural history of the case as recited in any prior appellate opinion. (§ 1172.6, subd. (d)(3).)

(§ 12022.53, subd. (c)); personally inflicted great bodily injury on one of the victims (§ 12022.7, subd. (a)); and caused great bodily injury to a person other than an accomplice (§ 12022.53, subd. (d)). Price appealed, and after correcting his sentence we affirmed the judgment. (*People v. Price*, *supra*, D076731.)

In July 2024, Price, representing himself, filed a form petition for resentencing under section 1172.6, checking boxes indicating he presented a facially sufficient petition and sought appointment of counsel. The record contains no briefing or response from the People.

In August 2024, about two weeks after Price filed his petition and without holding a hearing, the trial court denied it. The court's order states: "The court has reviewed the petition for resentencing filed pursuant to . . . section 1172.6 and finds that Petitioner has not made a prima facie showing that he is entitled to relief. Petitioner was convicted of premeditated attempted murder as a direct perpetrator. Not only was Petitioner found guilty of three counts of attempted murder; Petitioner was found to have personally inflicted great bodily injury on the victims and to have personally used a firearm. [¶] Accordingly, the petition is denied."

Price filed this appeal.

## DISCUSSION

### I. *Section 1172.6*

Effective January 1, 2019, the Legislature " 'eliminated natural and probable consequences liability for murder as it applies to aiding and abetting, and limited the scope of the felony-murder rule.' [Citation.] [It] also added section 1170.95, now section 1172.6, to provide 'a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief.' " (*People v. Antonelli* (2025) 17 Cal.5th 719, 723-

3

724.) Thereafter, Senate Bill No. 775 expanded the path to resentencing under the law "to allow relief for those with 'attempted murder' convictions based on 'the natural and probable consequences doctrine.' " (*People v. Patton* (2025) 17 Cal.5th 549, 558.) Section 1172.6 "provides that 'a person convicted of . . . attempted murder under the natural and probable consequences doctrine . . . may file a petition with the court that sentenced the petitioner to have the petitioner's . . . conviction vacated and to be resentenced on any remaining counts when' three conditions apply. [Citation.] As relevant here . . . those enumerated conditions are: First, the charging document allowed the prosecution to 'proceed under a theory of . . . attempted murder under a natural and probable consequences doctrine.' [Citation.] Second, petitioner was convicted of the attempted murder charge or accepted a plea offer in lieu of trial on such a charge. [Citation.] And third, 'petitioner could not be presently convicted' of the charge, given the changes to homicide law effective in 2019." (*Ibid.*)

"A petition that includes '[a] declaration by petitioner that the petitioner is eligible for relief . . . , based on all the requirements of [section 1172.6,] subdivision (a),' the case number and year of the petitioner's conviction, and whether the petitioner seeks counsel is facially sufficient and entitles the petitioner to counsel. [Citations.] A facially sufficient petition also triggers the People's duty to submit a response and the petitioner's right to submit a reply on the question of whether a prima facie case for relief exists. [Citation.] 'After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief.' [Citation.] If the 'petitioner makes a prima facie showing,' then the trial court issues an order to show cause and holds 'a hearing to determine whether to vacate the . . . conviction and to

4

recall the sentence and resentence the petitioner.' [Citation.] At this hearing, evidence may be presented and 'the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under' current law." (*People v. Patton, supra,* 17 Cal.5th at pp. 558-559.)[3]

The prima facie inquiry is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) "[A] petitioner's allegations should be accepted as true, and the court should not make credibility determinations or engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 974; see also *People v. Strong* (2022) 13 Cal.5th 698, 720 ["factfinding [is] prohibited at the prima facie stage"].) The California Supreme Court has emphasized that " 'the record of conviction will necessarily inform the trial court's prima facie inquiry [under section 1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless.' " (*People v. Antonelli, supra,* 17 Cal.5th at p. 731, quoting *Lewis, supra,* at p. 971; see also *People v. Patton, supra,* 17 Cal.5th at p. 563.) Indeed, in assessing petitions from individuals convicted after a jury trial, "the jury instructions will be critical." (*Antonelli,* at p. 731.) The record of

---

3       The court in *People v. Patton, supra,* 17 Cal.5th 549 explained the importance of the procedure for appointing counsel: "A petition's facial validity, entitling petitioner to counsel, is readily established by recitation of section 1172.6's requirements. [Citation.] The court is instructed to consider both the information a petitioner 'set[s] forth' and also any information 'missing' from the petition that the court can 'readily ascertain[ ].' [Citation.] At this initial stage, 'substantive merit' is not the question. [Citation.] This minimal compliance requirement for '[a]ppointing counsel' assures a petitioner assistance 'in navigating the[ ] complex theories' of murder liability a section 1172.6 petition implicates that are ' "not easily understood by an unrepresented litigant," ' thus promoting the reliability of the petitioning process." (*Id.* at p. 562.)

5

conviction also includes documents such as verdict forms. (*People v. Gallardo* (2024) 105 Cal.App.5th 296, 301 (*Gallardo*).) " ' "[I]f the record [of conviction], including the court's own documents, 'contain[s] facts refuting the allegations made in the petition,' then 'the court is justified in making a credibility determination adverse to the petitioner.' " ' " (*People v. Patton*, *supra*, 17 Cal.5th at p. 563, quoting *Lewis*, at p. 971.) "The court may deny the petition at the prima facie stage only if the record of conviction *conclusively* establishes that the petitioner is ineligible for relief as a matter of law." (*People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1211, italics added; see also *People v. Hickman* (2025) 110 Cal.App.5th 1262, 1268.)

Reviewing these procedures, this court in *Gallardo*, *supra*, 105 Cal.App.5th 296 held that a trial court's failure to adequately follow the procedures and conduct the inquiry mandated by section 1172.6, subdivision (c)—particularly where the court does not review briefing or trial records such as jury instructions and trial verdict forms—shifts the burden to the appellate court to review the record of conviction in the first instance, a procedure that section 1172.6 does not contemplate. (*Gallardo*, at pp. 299, 302.) In *Gallardo*, after receiving the defendant's section 1172.6 petition for resentencing, the trial court set a status conference and conducted a hearing. (*Id.* at pp. 300, 302.) Though the court appointed counsel, the defendant was not present and the record lacked any indication that the parties submitted briefing or documentary evidence. (*Id.* at p. 300.) At the hearing, the People represented that jury instructions indicated that the jury was not presented with any theory by which malice could be imputed to the defendant. (*Ibid.*)

Having failed to review "any documentary evidence at all," the trial court "summarily denied the petition following the prosecution's oral proffer that the jury instructions from [the defendant's] trial were based on a theory

of direct aiding and abetting attempted murder." (*Gallardo*, *supra*, 105 Cal.App.5th at p. 302.) This was error: "[T]he court failed to adequately conduct the proceedings required by section 1172.6, subdivision (c). Gallardo's form petition included the necessary information to trigger a hearing under subdivision (c), but the court did not receive or review any briefing by the parties, nor did it review and consider the record of conviction. . . . [T]he court could not have determined that the record of conviction conclusively established [the defendant] was ineligible for relief as a matter of law because it does not appear that the court reviewed any aspect of the trial record." (*Ibid.*)

This court declined the People's request to judicially notice the record in the defendant's prior appeal so as to decide whether the trial court's procedural error was harmless. (*Gallardo, supra*, 105 Cal.App.5th at p. 302.) We recognized that while orders denying a section 1172.6 petition may be reviewable for harmless error, we would "not perform the trial court's statutorily mandated task for the first time on appeal" or substitute our judgment for the judgment of the trial court. (*Id*. at pp. 302-303.) We explained: "In its prima facie review, the trial court was required to determine if the record of conviction conclusively established Gallardo was ineligible for relief as a matter of law. [Citation.] The parties did not submit briefing or any part of the record of conviction to the trial court, and therefore the court could not have conducted the review required by section 1172.6, subdivision (c)." (*Id*. at p. 302.) This court found the proper remedy was to reverse the order denying the defendant's section 1172.6 petition with directions for the trial court to perform its functions under subdivision (c) of section 1172.6. (*Id*. at p. 303.)

7

II. *The Trial Court's Failure to Comply with Section 1172.6's Procedures Requires Reversal*

As in *Gallardo*, *supra*, 105 Cal.App.5th 296, the circumstances here require reversal. The trial court in this case appointed no counsel, conducted no hearing, and did not consider briefing, arguments of either party, or any other portion of the trial record, which "necessarily" informs the prima facie inquiry. (*People v. Antonelli*, *supra*, 17 Cal.5th at p. 731; *People v. Lewis*, *supra*, 11 Cal.5th at p. 971.) Like in *Gallardo*, the People have asked that we take judicial notice of the clerk's and reporter's transcripts in the underlying case. We have augmented the record with the jury instructions refused and given in the underlying trial, but those do not assist the People, as they show at the People's request the jury was instructed on both aiding and abetting and the now-abrogated natural and probable consequences legal doctrine. We decline to judicially notice the remainder of the record of conviction, because doing so will in effect put us in the position of conducting the prima facie inquiry in the first instance and substituting our judgment for the trial court, which we will not do. (*Gallardo*, at pp. 302-303.)

The People ask us to not follow *Gallardo*. They cite the principle that "[t]he state . . . has an interest in an 'economical and expeditious resolution' of an appeal from a decision that is 'presumptively accurate and just.'" (*People v. Delgadillo* (2022) 14 Cal.5th 216, 229.) According to the People, the court's failure to follow prescribed procedure was harmless because the record of conviction establishes Price directly perpetrated the attempted murders. In part, they cite *People v. Patton*, *supra*, 17 Cal.5th 549, which held that a trial court conducting a prima facie review could rely on "unchallenged, relief-foreclosing facts" from a preliminary hearing transcript to refute a petition's "conclusory, checkbox allegations." (*Id.* at p. 567.) But

in *Patton*, the defendant received the procedural protections of the statute. On the defendant's checkbox petition, the court appointed counsel and accepted the People's briefing, to which the defendant did not reply. (*Id.* at pp. 559-560.)[4] *Patton* stated that petitioners "*confronting a record of conviction that demonstrates relief is unavailable* have the burden of coming forward with nonconclusory allegations to alert the prosecution and the court to what issues an evidentiary hearing would entail." (*Id.* at p. 567, italics added.) It held that "[a] section 1172.6 petitioner who, *despite having access to counsel upon submission of a facially sufficient petition*, offers only conclusory allegations of entitlement to relief, in response to a record of conviction that demonstrates the petitioner's conviction was under a still-valid theory, has not . . . made a prima facie showing." (*Id.* at p. 565, italics added.) *Patton* does not convince us to reconsider our decision in *Gallardo*.

On this record, with multiple participants in the shooting incident, as well as the jury's instruction on the natural and probable consequences doctrine, a theory of implied malice, we cannot say it would be a waste of judicial resources to send the case back to the trial court to conduct its obligations under section 1172.6. (Compare, *People v. Delgadillo*, *supra*, 14 Cal.5th at p. 233 [holding defendant was not entitled to any relief under section 1172.6; "the record here makes clear that Delgadillo was the actual

---

4 Additionally, the defendant in *Patton* was charged alone, and the preliminary hearing evidence showed a single shooter firing a gun at the victim. (*People v. Patton*, *supra*, 17 Cal.5th at p. 557.) In their written response to the section 1172.6 petition, the People in *Patton* argued the defendant was unable to make out a prima facie case. Notably, however, in responding to an amicus brief before the high court the People "agreed, ' "if the record contains any indication [the petitioner] had an accomplice who may have been the killer, a prima facie case ordinarily would be readily established, even by conclusory assertions in a form petition." ' " (*Id.* at p. 560, fn. 4.)

killer and the only participant in the killing. At trial, defense counsel conceded that the accident occurred while Delgadillo was driving on the wrong side of the road"].)

We hold the trial court erred by denying Price's petition without conducting the review required by section 1172.6, subdivision (c). (*Gallardo, supra*, 105 Cal.App.5th at p. 302; see *Hickman*, *supra*, 110 Cal.App.5th at p. 1267 [only if petition and record conclusively establish the petition is meritless may the trial court dismiss the petition].) Again, "the appropriate remedy is reversal of the order denying the petition with directions to the trial court to perform its functions under section 1172.6, subdivision (c)." (*Gallardo,* at p. 303.) We take no position on whether the court should ultimately determine that Price has made a prima facie claim for relief.

DISPOSITION

The order denying Price's section 1172.6 petition for resentencing is reversed and the matter is remanded to the trial court with directions to conduct proceedings consistent with section 1172.6, subdivision (c).


O'ROURKE, Acting P. J.

WE CONCUR:


BUCHANAN, J.


KELETY, J.


10